UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-cr-71-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMES EDWARD FRAZIER JR., | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's January 5, 2011 Motion Requesting a Copy of the Sentencing Transcripts [DE-26] free of charge. On August 7, 2007, Defendant plead guilty to unlawful distribution of more than fifty (50) grams of cocaine based (crack) in violation of 21 U.S.C. 841(a)(1). In this instant motion, Defendant asserts that he is without the financial means to pay and asks the court to provide the sentencing transcripts without cost to him.

Section 753(f) of Title 28, United States Code addresses the circumstances under which documents may be provided to indigent criminal defendants at the government's expense. Section 753(f) provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under § 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal[.]

28 U.S.C. § 753(f). An indigent may be entitled to a transcript at the government's expense if he has stated a proper ground for relief and a transcript is indispensable. *United States v. Glass*, 317

F.2d 200, 202-203 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* Because there is no constitutional requirement that an indigent defendant be supplied free transcripts (or other court documents) in order to collaterally attack a conviction or sentence, the defendant must show a "particularized need" for the documents. *See United States v. MacCollum*, 426 U.S. 317, 323-30 (1976); *Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975).

Here, Defendant asserts that he is without the financial means to pay for copies of his sentencing transcripts. Defendant, however, fails to provide any "particularized need" for the requested sentencing transcripts. Therefore, Defendant's Motion Requesting a Copy of the Sentencing Transcripts [DE-26] free of charge is DENIED without prejudice to renew such request, if appropriate, upon the proper showing.

SO ORDERED.

This 6th day of January, 2011.

JAMES C. FOX
Senior United States District Judge