IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-00071-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMES EDWARD FRAZIER, JR., | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Petition to Vacate Order of Restitution [DE-38]. Defendant argues that this court's order directing payment of restitution during his term of imprisonment was an improper delegation of authority to the Bureau of Prisons.

A review of the record reveals that the court ordered Defendant to pay $1,700.00 in restitution to the Wilmington Police Department. *See* Judgment [DE-18]. The court further ordered as follows:

> The special assessment imposed shall be due in full immediately.
> Payment of restitution shall be due in full immediately. However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $50 per month to begin 60 days after the defendant's release from prison. At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule.

*Id.*

Defendant is correct in his assertion that a district court may not delegate its authority to set the amount and timing of restitution to the Bureau of Prisons, without retaining ultimate authority over such decisions. *See United States v. Miller*, 77 F.3d 71, 77-78 (4th Cir. 1996).

However, in this case, the court *did* set the amount and timing of the criminal penalties by ordering that payment of the restitution was due in full immediately. In addition, participation in the Inmate Financial Responsibility Program does not violate *Miller*. *See United States v. Caudle*, 261 Fed. Appx. 501, 504 (4th Cir. 2008). Accordingly, Defendant's Petition to Vacate Order of Restitution [DE-38] must be DENIED.

SO ORDERED.

This, the 22 day of October, 2013.

JAMES C. FOX
Senior United States District Judge

2