IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-71-1F
No. 7:12-CV-138-F

| | |
|---|---|
| JAMES EDWARD FRAZIER, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **MEMORANDUM &<br>RECOMMENDATION** |

This matter is before the court on Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, which has been referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. The Government has moved to dismiss Petitioner's motion. For the reasons stated below, it is recommended that the Government's motion be granted and Petitioner's motion to vacate be denied.

## BACKGROUND

On August 7, 2007, Petitioner pled guilty, pursuant to a plea agreement, to the unlawful distribution of more than fifty (50) grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). (Mem. Plea Agreement [DE #15]). The plea agreement provided in relevant part that Petitioner agreed

> to waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, . . . and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. . . .

(*Id*. ¶ 2(d).)

At the time Petitioner pled guilty, the law in the Fourth Circuit was well settled that an offense under North Carolina's Structured Sentencing Act was punishable by a term exceeding one year if the maximum aggravated sentence that any defendant could receive exceeded twelve months. *See United States v. Jones*, 195 F.3d 205 (4th Cir. 1999), *abrogated by United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Thus, an individual could have a prior conviction "punishable by a term exceeding one year" even if he could not have received a sentence of that duration.

Based upon then-existing Fourth Circuit precedent, Petitioner's prior state court convictions for assault with a deadly weapon with intent to kill and possession with intent to manufacture, sell and deliver marijuana and delivery of marijuana qualified as felony offenses for federal sentencing purposes. As such, Petitioner was designated a career offender and, thus, subject to sentence enhancement under U.S. Sentencing Guideline § 4B1.1. As a consequence, Petitioner's offense level was increased five levels and his Criminal History Category was increased from V to VI. Petitioner's advisory Guideline range was determined to be 262 to 327 months. At Petitioner's sentencing hearing on November 15, 2007, the court allowed the Government's motion for a downward departure and sentenced Petitioner to 204 months' imprisonment followed by five years of supervised release. Petitioner did not appeal, and his judgment became final, at the latest, upon expiration of his time to appeal in November 2007.

Following Petitioner's conviction and sentencing, the Fourth Circuit issued an *en banc* decision overruling its prior precedent and holding that a court must look to the maximum punishment that the particular offender could have received in determining whether a prior North Carolina conviction may serve as a predicate felony for federal sentencing purposes. *Simmons*, 649 F.3d at 243-46.

Relying on *Simmons*, Petitioner moves to vacate his sentence, challenging his classification as a career offender. The Government moves to dismiss Petitioner's claim as untimely and on the alternative ground that it is barred by the waiver contained in Petitioner's plea agreement.

## DISCUSSION

**I.   Timeliness**

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's motion was not filed within one year of any of the circumstances set forth in § 2255(f). Petitioner filed his § 2255 motion more than four years after his judgment became final, and his motion is, therefore, not timely under 28 U.S.C. § 2255(f)(1). Additionally, there is no allegation that the government impeded Petitioner's ability to file his § 2255 motion. *See* 28 U.S.C. § 2255(f)(2). Nor is Petitioner's motion based upon a newly recognized right made retroactively applicable by the Supreme Court. *See* 18 U.S.C. § 2255(f)(3); *United States v. Powell*, 691 F.3d 554, 560 (4th Cir. 2012). Finally, Petitioner's claim is not timely due to newly

3

discovered facts. For purposes of § 2255(f)(4), "facts" may include court rulings, such as a finding that the petitioner is not guilty of an offense. *See Johnson v. United States*, 544 U.S. 295 (2005) (vacatur of petitioner's state conviction was "fact" supporting his § 2255 challenge of career offender classification for purposes of § 2255(f)(4)). However, a legal decision that does not affect the validity of the petitioner's own underlying convictions is not a "new fact" for purposes of triggering the (f)(4) one-year period. *Walton v. United States*, No. 2:07-CR017-1F, 2013 WL 1309277 (E.D.N.C. Mar. 28, 2013) (collecting cases). Because the Fourth Circuit's ruling in *Simmons* does not constitute a new fact rendering Petitioner's claim timely under § 2255(f)(4) and Petitioner's claim was not filed within one year of any of the other circumstances described in § 2255(f), Petitioner's claim is not timely.

Petitioner requests that the court equitably toll the limitations period. An otherwise time-barred petitioner is entitled to equitable tolling in "'those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). In order for equitable tolling to apply, Petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 648 (2010); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

There is nothing extraordinary or rare about the circumstances in which Petitioner finds himself. There are many individuals in the same procedural dilemma as Petitioner. Moreover, Petitioner was in no way impeded from filing a timely § 2255 motion. To apply equitable tolling to render a § 2255 motion timely because it follows a favorable court decision like *Simmons* would severely undermine the finality of judgments and the purpose of the one-year limitations

period set forth in § 2255.  Finding no extraordinary circumstances that prevented Petitioner from timely filing, the undersigned counsels against equitable tolling in this case and recommends that Petitioner's motion be dismissed as untimely.

## II. Plea Waiver

The Government alternatively moves to dismiss Petitioner's claim as barred by the waiver contained in his plea agreement.  A criminal defendant may waive his right to appeal or collaterally attack his conviction and sentence.  *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).  Appeal waivers are valid and enforceable where they are knowingly and voluntarily made. *Id.*  However, such waivers are not without limits.  "For example, a defendant [can] not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race."  *United States v. Marin,* 961 F.2d 493, 496 (4th Cir. 1992).  Such errors could not have been reasonably contemplated at the time of plea and, therefore, fall outside the scope of a plea waiver.  *United States v. Blick*, 408 F.3d 162, 171-72 (4th Cir. 2005).

Petitioner contends that his claim falls outside the scope of the plea waiver because it could not have been reasonably contemplated at the time of sentencing and application of the waiver would result in a miscarriage of justice.  Contrary to Petitioner's argument, claims based on errors in interpreting or applying the sentencing guidelines or due to supervening changes in the law do not fall outside the scope of a plea waiver.  *See United States v. Johnson*, 410 F.3d 137 (4th Cir. 2005); *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999) (concluding that alleged error in enhancement for restraint of a victim is "an allegation of ordinary misapplication of guidelines that does not amount to a miscarriage of justice").  "A plea agreement, like any contract, allocates risk.  'And the possibility of a favorable change in the law

5

occurring after a plea is one of the normal risks that accompan[ies] a guilty plea.'" *Johnson*, 410 F.3d at 153 (quoting *United States v. Sahlin*, 399 F.3d 27, 31 (1st Cir. 2005)) (citation omitted) (alteration in original). Petitioner assumed the risk of a subsequent change in the law in exchange for other benefits provided to him by the plea agreement including, without limitation, the Government's agreement not to seek enhancement pursuant to 21 U.S.C. § 851 and the opportunity to obtain a 5K motion based on substantial assistance. "Declining to enforce his [plea] waiver because of a subsequent change in the law would deprive the Government of some of the benefits of its bargain, which might ultimately work to the detriment of defendants who may find the Government less willing to offer a plea agreement." *Id*.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the Government's motion [DE #35] be GRANTED, Petitioner's § 2255 motion [DE #28] be DENIED and Petitioner's claim be DISMISSED for failure to state a claim upon which relief may be granted.

The Clerk shall send a copy of this Memorandum and Recommendation to counsel for the respective parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 4pf day of April 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge

6

Case 7:07-cr-00071-F   Document 43   Filed 04/02/14   Page 6 of 6