IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-00071-F-1
No. 7:12-CV-00138-F

| | | |
|---|---|---|
| JAMES EDWARD FRAZIER, JR., | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on Objections [DE-46] to the Memorandum and Recommendation [DE-43] of United States Magistrate Judge Kimberly A. Swank, regarding the Government's Motion to Dismiss [DE-35] James Edward Frazier, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-28]. For the reasons set forth below, the court ADOPTS the recommendation of the Magistrate Judge to ALLOW the Government's Motion to Dismiss.

## I. Background

On May 24, 2012, Frazier filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-28]. In his section 2255 motion, Frazier argues that he is not a career offender in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). The Government filed a Motion to Dismiss [DE-35], arguing that dismissal is warranted because Frazier's motion is untimely.

On April 2, 2014, the Magistrate Judge issued a Memorandum and Recommendation ("M&R") [DE-43] addressing Frazier's section 2255 motion. The Magistrate Judge concluded that Frazier's section 2255 motion was untimely under each prong of 28 U.S.C. § 2255(f). [DE-

43] at 3-4. The Magistrate Judge further concluded that Frazier was not entitled to equitable tolling. *Id.* at 4-5. The Magistrate Judge found that dismissal was further warranted because Frazier's claim was barred by the waiver in his plea agreement. *Id.* at 5-6. The Magistrate Judge recommended that Frazier's section 2255 motion [DE-28] be denied and the Government's Motion to Dismiss [DE-35] be allowed. *Id.* at 6.

Frazier filed Objections [DE-46] to the M&R on April 28, 2014. In his Objections, Frazier argues that pursuant to *Simmons*, he can no longer be categorized as a career offender. Frazier further argues that pursuant to *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), the Government's Motion to Dismiss should be denied. Frazier specifically argues that his section 2255 motion is timely; he is entitled to equitable tolling; and his plea waiver does not bar his requested relief.

## II. Discussion

### Frazier is Not Entitled to Relief Under *Whiteside*.

In support of his Objections, Frazier relies on the then recently-issued panel decision in *Whiteside*. In the panel opinion, the Fourth Circuit Court of Appeals held that a prisoner may use a section 2255 motion "to challenge a sentence that was based on the career offender enhancement . . . when subsequent case law reveals the enhancement to be inapplicable to him." 748 F.3d at 543. This initial opinion in *Whiteside* was vacated upon the grant of rehearing en banc on July 10, 2014. *See Whiteside v. United States*, 2014 WL 3377981 (4th Cir. 2014).

On rehearing en banc, the Fourth Court concluded that a petitioner could not invoke equitable tolling in support of a *Simmons* claim. *See Whiteside v. United States*, 775 F.3d at 186 (4th Cir. 2014) ("Equitable tolling thus may not be applied where, as here, the only impediment

2

to timely filing was the discouragement felt by petitioner when calculating his odds of success.").

Accordingly, Frazier cannot rely on *Whiteside* in support of his section 2255 motion.

### III. Conclusion

For the foregoing reasons, the court ADOPTS the recommendation of the Magistrate Judge as its own, and for the reasons stated therein, in addition to the above-stated reasons, the Government's Motion to Dismiss [DE-35] is ALLOWED and Frazier's section 2255 motion [DE-28] is DISMISSED. The court concludes that Frazier has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 17 day of March, 2015.

James C. Fox
Senior United States District Judge

3